1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| MARK HAMILTON, | CASE NO. 14CV802 BEN (DHB) |
|---|---|
| Petitioner, | **ORDER DISMISSING PETITION** |
| vs. | |
| UNNAMED RESPONDENTS, | |
| Respondents. | |

On April 2, 2014, Petitioner Mark Hamilton filed a petition seeking the Court's intervention in his ongoing criminal proceedings in San Diego Superior Court. (Docket No. 1.) The Court has construed his filing as a writ of habeas corpus pursuant to 28 U.S.C. § 2241. It appears from the Petition that Petitioner disputes the charges that have been filed against him and takes issue with the state court judge entering a not guilty plea for him when he refused to enter a plea, believing the state court did not have jurisdiction because he was arrested at a border crossing.

The Court has reviewed the Petition and finds it must be dismissed. Under *Younger v. Harris*, 401 U.S. 37 (1971), federal courts may not interfere with ongoing state criminal proceedings absent extraordinary circumstances. *Id.* at 45-46; *see Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982) (*Younger* "espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings.")

///

Absent extraordinary circumstances, abstention under *Younger* is required when: "(1) state proceedings are ongoing; (2) the state proceedings implicate important state interests; (3) the state proceedings provide the federal litigant an adequate opportunity to raise the federal claims; and (4) the federal proceeding would interfere with the state proceedings in a way that *Younger* disapproves." *Lazarus v. Baca*, 389 Fed. App'x 700, 700 (9th Cir. 2010) (affirming district court's dismissal of habeas petition challenging excessive bail); *San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008).

All four of these criteria are satisfied here. At the time Petitioner filed the instant Petition, he had been arraigned on the state charges against him. Thus Petitioner's criminal case is still ongoing in the state courts. Further, there is no question that the state criminal proceedings involve important state interests. The Court has no reason to think the issues Petitioner raises, a state law defense to the charges against him and the state court's jurisdiction to hear those charges, will not be adequately addressed in the state proceedings. Finally, although it is not entirely clear what relief Petitioner seeks, any intrusion into the ongoing criminal proceedings would surely interfere with state proceedings in a way *Younger* disapproves. "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of . . . habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." *Carden v. State of Mont.*, 626 F.2d 82, 83-84 (9th Cir. 1980) (quoting *Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972)).

The Petition is **DISMISSED without prejudice**.

**IT IS SO ORDERED**.

DATED:  October 1, 2014

Hon. Roger T. Benitez
United States District Judge